09-0866-cv
Rodriguez v. Clinton

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT http://www.ca2.uscourts.gov/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of December, two thousand nine.

PRESENT:
> PIERRE N. LEVAL,
> PETER W. HALL,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

EDGAR RODRIGUEZ,

> *Plaintiff-Appellant,*

v.                                                                    No. 09-0866-cv

BARBARA CLINTON, ELIZABETH DAVIES, NEW PALTZ CENTRAL SCHOOL DISTRICT,

> *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:        MICHAEL H. SUSSMAN, Sussman & Watkins, Goshen, N.Y.

FOR DEFENDANTS-APPELLEES:     JOHN F. MOORE, Ryan & Smallacombe, PLLC, Albany, N.Y.

Appeal from the United States District Court for the Northern District of New York (Scullin, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-Appellant Edgar Rodriguez ("Appellant") appeals from a judgment in favor of Defendants-Appellees Barbara Clinton, Elizabeth Davies, and New Paltz Central School District (collectively, "Appellees"). Appellant claims that the district court erred in granting summary judgment for Appellees on Appellant's claims of violations of the First and Fourteenth Amendments to the United States Constitution. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision. This Court reviews a grant of summary judgment *de novo*, drawing all factual inferences in favor of the nonmoving party. *See Davis v. Blige*, 505 F.3d 90, 97 (2d Cir. 2007), *cert. denied*, 129 S.Ct. 117 (2008).

**1.     Removal from the Shared-Decision Making Team**

"It is axiomatic that the First and Fourteenth Amendments, and § 1983, apply only to state actors." *Leeds v. Meltz*, 85 F.3d 51, 54 (2d Cir. 1996). The U.S. Supreme Court has explained that, "[a]ction taken by private entities with the mere approval or acquiescence of the State is not state action." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52, 119 S.Ct. 977, 986 (1999). It is undisputed that the New Paltz High School Parent Teacher Student Association (PTSA) is a private entity. Appellant provides no evidence that the Appellees, who are state

2

actors, did anything more than acquiesce in the PTSA Executive Board's removal of Appellant from the Shared-Decision Making Team. Because Appellant has failed to provide sufficient evidence of "state action," he has not created a genuine issue of material fact with respect to his claim that his removal was actionable as retaliatory conduct under the First Amendment or discriminatory conduct under the Fourteenth Amendment.

### 2. The CPS Report and Threatened Filing of the PINS Petition

Appellant claims that an interim superintendent and assistant superintendent "directed" the Child Study Team ("CST") to report Appellant to Child Protective Services ("CPS"). The record demonstrates that the CST made an independent determination to file the CPS report on the grounds, *inter alia*, that Appellant's child had not been attending school and would not participate in tutoring or go to a residential placement, and that his parents would not hospitalize him. Further, the evidence showed that the school district took action (by making a CPS report and/or filing PINS petitions) with respect to other students in the school district who were having attendance issues or failing to attend school at all and that, at least with respect to the PINS petitions, the action was taken after those students had missed less time from school than did Appellant's child. A reasonable jury, therefore, could only conclude that Appellees would have filed the CPS report or a PINS petition regardless of Appellant's alleged political activity, and the First Amendment retaliation claim cannot therefore be maintained on the basis that the CPS Report was filed and PINS action was threatened. *See Bd. of County Comm'rs v. Umbehr*, 518 U.S. 668, 685, 116 S.Ct. 2342, 2352 (1996) (a First Amendment retaliation claim under section 1983 fails if the defendants establish as an affirmative defense that they would have taken the allegedly retaliatory action regardless of the protected speech).

3

With respect to Appellant's equal protection claim under the Fourteenth Amendment, he must present evidence: "(1) that [he was] treated differently from other similarly situated individuals, and (2) that such differential treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001) (internal quotation marks omitted). In the alternative, he could pursue an "equal protection claim under a theory of discriminatory application of the law, or under a theory of discriminatory motivation underlying a facially neutral policy or statute." *Pyke v. Cuomo*, 258 F.3d 107, 108-09 (2d Cir. 2001). Appellant, however, has failed to present sufficient evidence to allow a reasonable jury to find that any of the Appellees intentionally discriminated against him or that he was treated differently than similarly-situated Caucasians.

**3.     Conclusion**

For the foregoing reasons, the judgment of the United States District Court for the Northern District of New York is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

By:_____

4